Jordon Harlan, Esq. (CA #273978)
**HARLAN LAW, P.C.**
2404 Broadway, 2nd Floor
San Diego, CA 92102
Telephone: (619) 870-0802
Fax: (619) 870-0815
Email: jordon@harlanpc.com

Adam J. Kress, Esq. (MN #0397289)
*Pro Hac Vice to be filed*
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
Email: akress@johnsonbecker.com

***Attorneys for Plaintiff Patrick Burgess***

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISON

| | |
|---|---|
| **PATRICK BURGESS, an individual,**<br><br>                    **Plaintiff,**<br><br>v.<br><br>**CAPITAL BRANDS, LLC., a California Limited Liability Company, and NUTRIBULLET, LLC, a California Limited Liability Company,**<br><br>                    **Defendants.** | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. Strict Products Liability<br><br>2. Negligent Products Liability<br><br>3. Breach of Express Warranty<br><br>4. Breach of Implied Warranty of Merchantability<br><br>5. Breach of Implied Warranty of Fitness for a Particular Purpose |

Plaintiff, **PATRICK BURGESS** (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, **JOHNSON BECKER, PLLC** and **HARLAN LAW, P.C.**, hereby submit the following Complaint and Demand for Jury Trial against Defendants **NUTRIBULLET, LLC** ("Defendant NutriBullet") and Defendant **CAPITAL BRANDS, LLC** ("Defendant Capital Brands"), and upon information and belief, at all times hereinafter mentioned, alleges as follows:

## NATURE OF THE CASE

1.     Defendant Nutribullet, LLC ("Defendant NutriBullet") and Defendant Capital Brands, LLC ("Defendant Capital Brands") design, manufacture, market, import, distribute and sell consumer products such as blenders marketed under the NutriBullet and MagicBullet brand names, amongst other brands, which specifically includes the NutriBullet Blender 600 series (referred to hereafter as "NutriBullet blender(s)").

2.     The NutriBullet blenders are defectively designed and manufactured, in that, the extremely fast-moving blade of the blenders heat the contents of the sealed bullet-shaped canister, which can (and does) unexpectedly explode when being used in its normal and intended manner by consumers. Consumers use the NutriBullet blenders without knowledge of the inherent risks. In a matter of short amount of time, the fast-spinning blades can unexpectedly heat up its contents, such that if the blender explodes, the user is at risk of severe burns and injuries requiring medical attention. The NutriBullet blenders pose a safety risk to consumers and other individuals who may be in close proximity to the NutriBullet blenders when it explodes.

3.     The NutriBullet blenders have been the subject of numerous lawsuits around the nation for similar experiences and injuries as those suffered by the Plaintiff in this case.

4.     Defendants knew or should have known of these defects, but has

nevertheless put profit ahead of safety by continuing to sell its Nutribullet blenders to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective Nutribullet blenders regardless of the risk of significant injuries to Plaintiff and consumers like her.

5.     Defendants ignored and/or concealed its knowledge of these defects in its Nutribullet blenders from the Plaintiff in this case, as well as the public in general, in order to continue generating a profit from the sale of said Nutribullet blenders, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like her.

6.     As a direct and proximate result of Defendants' collective conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF PATRICK BURGESS

7.     Plaintiff is a resident and citizen of the city of Zephyr Cove, County of Douglas, State of Nevada, and was born on February 29, 1992.

8.     Around August of 2018, Plaintiff purchased a new NutriBullet 600 series blender.

9.     On or about June 12, 2020, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the NutriBullet blender's plastic cup explosively separating from the blade base during the normal, directed use of the NutriBullet blender, allowing its scalding hot contents to be forcefully ejected onto Plaintiff. The incident occurred as the result of the NutriBullet Blenders defect(s), which allow the plastic cup of the NutriBullet blender to pressurize to the point that the canister separates from the blade base of the NutriBullet blender, causing the now hot contents of the NutriBullet blender, as well as the parts of the NutriBullet blender itself, to explode. Additionally, the incident occurred as the result of Defendants failure

COMPLAINT AND DEMAND FOR JURY TRIAL

1  to warn and to redesign the NutriBullet blender, despite the existence of

2  economical, safer alternative designs.

3  **NUTRIBULLET DEFENDANTS**

4      10.    Defendant NutriBullet, LLC is a California domestic limited

5  liability corporation with its principal place of business in Los Angeles, Los

6  Angeles County, California. Upon information and belief, it is a wholly owned

7  subsidiary of Capital Brands, LLC.

8      11.    Defendant Capital Brands, LLC is a California limited liability

9  corporation with its principal place of business in Los Angeles, Los Angeles

10  County California. Upon information and belief, it is Capital Brands, LLC the

11  parent company of Defendant NutriBullet.

12  **JURISDICTION & VENUE**

13      12.    This Court has subject matter jurisdiction over this case pursuant

14  to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in

15  controversy exceeds the sum or value of $75,000, exclusive of interest and costs,

16  and there is complete diversity between the parties.

17      13.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a

18  substantial part of the events or omissions giving rise to this claim occurred in

19  this district.

20      14.    Venue is also proper in this Court pursuant to 28 U.S.C. § 1391

21  because Defendant has sufficient minimum contacts with the State of California

22  and intentionally availed itself of the markets within California through the

23  promotion, sale, marketing, and distribution of its products.

24  **FACTUAL BACKGROUND**

25      1.    Defendants tout that their NutriBullet blenders are high-powered

26  blenders and/or food processors, and are marketed as a "nutrient extractor":

27      "Unlike ordinary blenders and juicers, the NutriBullet has the power

28      to break down the cell walls of the stems, seeds, and skins of the food;

unleashing the nutrients locked inside while still retaining all the beneficial fiber and pulp. Nothing is thrown away, allowing you to get the most out of your food. This process is called nutrition extraction."[1]

2.     Defendants claim that "[t]he NutriBullet System is *built to last*, made from *quality construction*, and protected by a full one-year warranty"[2] and that its "secret" is "its powerful 600 Watt motor combined with Bullet exclusive cyclonic action that forces everything through the turbo extractor blades turning at an incredible 10,000 RPM."[3]

3.     To further propagate its message, Defendants have utilized numerous media outlets including, but not limited to, infomercials, social media websites such as YouTube, and third-party retailers. For example, in a NutriBullet promotional video[4] featuring "nutrition" and "longevity" expert David Wolfe, Defendants make the following claims:

      a.   "It's a breakthrough in nutritional science that can change your life. The NutriBullet's high powered motor with bullet exclusive cyclonic action breaks down and pulverizes food on a cellular level, opening up there hidden nutritional value that ***can reverse the effects of aging and super-charge your metabolism to fight off aches and pains, cold and flus and even improve vital health markers like cholesterol levels and blood pressure.***"

      b.   "A 'nutrition extractor' is not a blender; it's not a juicer; it's completely different from anything else out there."

      c.   "We've taken all of those cells, pulverized them, flipped them inside out, got all that juice – all that nutrients, the vitamins, the minerals, the enzymes, the essential fatty acids, the protein and now we can actually assimilate and utilize those

---

[1] *See* https://nutribullet.com/?gclid=Cj0KEQjwmIrJBRCRmJ_x7KDo-9oBEiQAuUPKMhTYN61agN3xTmNki_5JvhoAgdU34b_90u9r60yekh8aAqsv8P8HAQ (last accessed September 18, 2019)

[2] *See* https://www.youtube.com/watch?v=hfWHl8xnxV8.

[3] *Id.*

[4] *See* https://www.youtube.com/channel/UCMgVCjF3vO3AmtrbdF1tHaA (last accessed September 20, 2019)

nutrients. ***We've turned this into a superfood."***

d.    "Juicers make juice; blenders make smoothies; but the NutriBullet makes nutrient packed 'nutriblasts'. All I'm asking you to do is have one 'nutriblast' a day and give your body the tools it craves to increase performance and ***even reverse the symptoms of aging***."

e.    "If you have a 'nutriblast' everyday you're going to look better. You're going to feel better. ***You can live longer, and you <u>will</u> love longer."***

f.    "One of the greatest keys to bolstering your immune system is hidden inside the foods we buy every day. What we have to do is unlock those valuable nutrients so that we can actually absorb them. This could help change your life; in fact, it could help actually ***save your life***."

g.    "With the NutriBullet you can turn ordinary food into 'superfood' that now absorbs easily into your body system so ***you can live a longer, healthier, more active life***."

h.    "By drinking just one 'nutriblast' a day, you can give your body the tools to help fight and prevent disease; lose weight; relieve joint pain; lower blood pressure; lower cholesterol; and ***give you more energy than you ever thought possible without taking prescription pills; without any side effects. Just one a day can change your life***."

4.    Despite these bold claims of "nutrient extraction", the FDA has not approved the NutriBullet as a medical device.

5.    NutriLiving.com houses the NutriBullet online store, where all models of NutriBullet Blenders, Superfood Blends protein powders, and accessories can be purchased. NutriBullet sells several different models, each with varying wattage, capacity, weight, and prices ranging from $59.99 - $179.99.

6.    According to a 2016 Forbes article, sales of the NutriBullet from 2012 to mid-2015 totaled 14 million units and the NutriBullet is the No. 1 best-selling countertop blender on Amazon.com.[5]

_____

[5] *See* https://www.forbes.com/sites/hunteratkins/2016/02/29/blender-battle-how-nutribullet-made-vitamix-step-up/#49260bf86ac5 (last accessed September 18, 2019)

7.      In addition to sales via Amazon.com and NutriLiving.com, the NutriBullet is sold at retailers, including Bed Bath & Beyond, Costco, J.C. Penney, Kohl's, Macy's, Sears, Target, and Wal-Mart.

8.      Defendants currently or have previously manufactured, marketed, and distributed the NutriBullet Blenders, including the Baby Bullet, MagicBullet, Magic Bullet Express, MagicBullet Mini, NutriBullet, NutriBullet Pro 900 Series, NutriBullet 1000, NutriBullet 1200, NutriBullet Balance, NutriBullet Lean, NutriBullet Max, NutriBullet NB-101, NutriBullet Prime, NutriBullet Pro Rx, NutriBullet Rx, NutriBullet Select; NutriBullet Sport, NutriBullet University Pro, Party Bullet, and Veggie Bullet.

9.      All of the aforementioned NutriBullet blenders are substantially similar in design and manufacturing.

10.      All NutriBullet blenders, including the NutriBullet Model Number NB-201 Blender that injured the Plaintiff, essentially have three components: a powered base unit which contains a high-speed motor ("power base"), a plastic cup-shaped container that holds ingredients to be blended ("cup"), and a plastic lid mounted with metal blades ("blade base"), which screws into the cup and is energized by the base.

11.      During the normal, as-directed use of a NutriBullet blender, a consumer puts cool or room temperature food into the plastic "bullet" cup. Once the cup is secured to the blade assembly and placed onto the unit's base, the user is able to run the blender by pressing down on the cup. The blades then rotate, creating friction as they cut and chop the cup's contents, which in turn causes the contents to heat up.

12.      As the temperature rises inside the cup, the pressure from the frictional energy also rises. The temperature can get so hot that the pressure inside the cup forces the cup to separate from the blade while the blender is still running. This can cause the hot contents of the cup to explosively project

outward without warning, landing on anyone and anything nearby.

13.   Even if the cup does not separate from the blender while in use, the user is still at risk. If the contents of the cup are hot and under pressure when the cup is opened, the hot contents can again be explosively ejected onto the user, causing severe burns, as it did to the Plaintiff in this case.

14.   The NutriBullet blenders have been manufactured such that consumers cannot safely use them in the intended manner without risk of the NutriBullet blenders exploding which may result in physical injury or property damage.

15.   There is no pressure relief built into the plastic cup other than unscrewing the lid.

16.   Furthermore, there are no indictors for pressure build-up expect for resistance upon twisting the lid. The consumer lacks any obvious way to judge the danger of or the amount of pressure and heat buildup without handling the cup directly, thereby exposing the consumer to the release of hot contents or the blade base itself.

17.   By reason of the forgoing acts or omissions, the above-named Plaintiff and/or her family purchased their NutriBullet blender with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of blending.

18.    Plaintiff used her NutriBullet blender for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by Defendants.

19.   However, the aforementioned NutriBullet blender was defectively designed and manufactured by Defendants in that its plastic cup could explosively separating from the blade base during the normal, directed use of the NutriBullet blender, allowing its scalding hot contents to be forcefully

ejected onto consumer such as the Plaintiff.

20.     Defendants NutriBullet blenders possess defects that make them unreasonably dangerous for their intended use by consumers because the plastic cup can explosively separate from the blade base.

21.     Economic, safer alternative designs were available that could have prevented the NutriBullet blender's plastic cup from explosively separating from the blade base. Examples of such designs include, but are not limited to, the following examples:

  a.     Designing the NutriBullet blender with pressure relief built into the plastic cup other than unscrewing the lid; and

  b.     Designing the NutriBullet blender with indictors for pressure build-up within the plastic cup.

22.     Defendants knew or should have known that its NutriBullet blenders possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendants continue to ignore and/or conceal its knowledge of these defects from the general public and continues to generate a substantial profit from the sale of its NutriBullet blenders, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like them. For example:

  a. The Consumer Products Safety Commission has received several reports[6] of other similar incidents stemming from the failure of the NutriBullet Blenders:

  i. October 28, 2011: ("On October 19th in the evening I was using the Magic Bullet to make my daughter some baby food. I have used this blender many times (10-15) in the past months as she just started eating table food. I cut up sweet potatoes into small square and put in two tablespoons of water along with the sweet potatoes into the tall cup. I attached the steamer lid and placed it in the microwave for three minutes. When the

---

[6] The date listed is the date the report of injury was sent to the Defendants.

9

**COMPLAINT AND DEMAND FOR JURY TRIAL**

timer went off, I removed the lid stirred up the potatoes then place[d] the cross blade onto the cup. I then placed them on the base and blended the potatoes. I noticed they needed some more water to get the right consistency, so I removed the cup from the base. I banged the cup on the counter to get the sweet potatoes to slide down the cup so I wouldn't make a mess when I opened the lid. I started to unscrew the cross-blade attachment and it was giving me a hard time and all of a sudden I unscrewed, and the contents exploded in a six-feet radius around my kitchen and on myself…")

ii.   December 28, 2012: ("I was using the Baby Bullet, baby food maker to puree some food for my 6-month-old daughter. I had only used it a few times. This was the third time. I had followed all of the manufacturers guidelines on how to use and clean the device (hand wash, and top rack dishwasher safe). I was feeding my daughter her food and she was struggling with something in her mouth, so I reached in and pulled out a piece of plastic/silicone. This was from the units blade component….")

iii.  February 13, 2013: ("I purchased a Magic Bullet blender from Costco about a month ago. Over the weekend I made a smoothie containing ice and frozen fruits, plus water. I served myself and a friend. My friend pulled out of his mouth an extremely sharp shard of plastic that he almost swallowed, about ¾ an inch in length, and maybe ¼ inch maximum width. Had he swallowed it, it caused defiantly caused perforation or tearing along the digestive tract…")

iv.   October 21, 2014: ("As I was making a smoothie a couple days ago (oct. 8th), a piece of the blade broke off the NutriBullet without my knowledge. I poured my smoothie into a glass and proceeded to drink it. A piece of the blade was in my mouth and thinking it was piece of strawberry I chewed it. If I swallowed it, I would have choked…")

v.    January 7, 2015: ("This caller purchased her blender system around the end of June/beginning of July 2014 time frame. She used it with problems until August 29th, 2014 when she was blending a shake mixture of fruits, vegetables and water when after less than four minutes it suddenly blew up…")

vi.  April 27, 2015: ("02/16/2016 – the consumer used her blender before she went to work. The consumer indicates that while the unit was blending her smoothie, she heard and unusual sound coming from it but did not think much of it. Though the consumer usually drinks her smoothie right from the blender glass, she was running late and had to place its contents in a mason jar. When the consumer was in her vehicle, she started consuming her drink via straw. At one point, she noticed no juice was coming from the straw even though the container was not empty. Believing that possibly a vegetable had gotten stuck, the consume proceeded to try to extract it with her hand. When the consumer got her hand out, it was actually one of the six prong blade that had broken off.")

vii.  June 26, 2015: ("I have the Nutribullet 900 Pro. I have enjoyed it however this week while making a protein shake (with mostly liquid and only about three ice cubes) [t]he blades broke off in my drink. I di not notice until after I drank my drink. Luckily, I did not ingest the blade. It was I the bottom of the cup.")

viii.  September 9, 2016: ("August 16, 2016 at approximately 5:00 pm I was making a smoothie that consisted of almond milk, ½ banana, peanut butter and ice. When the blade stopped. Which they usually [do] if I need to add more fluid, I went to take it off. Although the NutriBullet claims it can crush ice without liquid, this is not the case. I have found the blade stop frequently due to a lack of fluid and the blades being obstructed. As I went to remove the canister, pushing down and turning left, enough fluid hit the blade and they started. In the meantime, the cup was not secured tight enough to the blade and the cup began to dislodge from the blades and base. Part of my shake came up the side of the cup and my right hand slid on to the partial[ly] exposed blades. The blade continued to work because of at least one of the "nubs" stayed in the base until the cup became complete[ly] dislodged from the base. The trajectory of my shake and blood from my hand went across the kitchen a minimum of 10 feet and as high as approximately six feet. The injury was to my right pinky finder and the base/palm of that figure. I required 27 stiches.")

**COMPLAINT AND DEMAND FOR JURY TRIAL**

ix. December 9, 2016: ("My wife was scaled using the Nutribullet blender. On November 27, 2016, she was making carrot soup. She sautéed the carrots with onions and spices, added liquid, and simmered for approximately 30 minutes. She then removed the soup from the heat and let it cool before transferring it to the Nutribullet. She began blending the soup but heard a loud pop and the heated soup exploded violently from the unit. My wife has her hand on top of the cup. She managed to close her eyes before being hit by the liquid, but she had her hand on top of the unit, and she immediately felt severe burning on her face and arms. I took her to the hospital, where we spent hour[s] and she [had] several, largely ineffective, pain medications. She was then transferred via ambulance, to another hospital with a specialized burn clinic, where she finally received effective pain treatment. She was diagnosed with 1st-and 2nd-degree burns on her face and arm, including a 2nd-degree burn on her eyelid, and [was] prescribed medicated creams to apply to her burns. The doctors told her it will take her eyelid [sic] will likely require at least four months to heal.")

x. March 13, 2017: ("(11/28/2016) The consumer stated that she was making a protein shake in the blender. When she turned it on, she heard a pinging sound which she thought was the ice cubes that she had placed in the blender. The consumer drank the shake and felt something toward the back of her throat. She was able to remove a piece of the blade [at] the back of her throat. The consumer looked at the unit and saw that the blade had cracked at the base and had come off. The broken piece was about an inch and a half long…")

xi. April 3, 2017: ("I pureed soup in the NutriBullet 900 Series Blender. When taking off the lid of the blender, it exploded like a bomb and caused 1st and 2nd degree burns across my chest, arms, neck and face. I went to the ER immediately and they cared for my extensive burns. That was a week ago – since then, I've had to do daily wound cleaning and dressing changes (at the ER or a wound clinic or a nurse).)

xii. January 8, 2018: ("The product is Magic Bullet blender. It explodes[d] while I was blending a coffee protein drink. It was a new replacement for an old one. This was the first use of the

one. It splatted the contents. The cup and blade separated violently. This product should be removed from the market before there is serious injury.")

xiii.   January 10, 2018: ("The submitter said she was making a fruit smoothie and she had the blender on for about 10 seconds. She the tired to open it but it was very difficult, and she indicated that it seemed like there was a lot of pressure inside. The submitter said after struggling for some time she was able to open it but the top exploded and hit her the chest. The submitter described the incident similar to opening champagne bottle. The submitter said the top flew hitting her in the chest ad the content went everywhere. The submitter said [she] had pains in her chest but did not seek medical attention.")

xiv.   August 2, 2018: ("I was blending liquids and fruit, while pushing down on the cup to 'seat' and activate the unit, the cup exploded off the base, my hand hit the moving blade and was lacerated.")

xv.   October 4, 2018: ("Person was using the product to blend oatmeal to a smooth consistency. When she stated to open the blender cup by unscrewing the base the hot contents exploded out of the blender cup all over her kitchen and onto her face and body.")

b.   Several lawsuits have been filed in Courts throughout the United States alleging similar incidents as the one that injured the Plaintiff in this case:

i.   *Alta Hanlon v. Nutribullet, LLC, et. al.* (Filed in Lake County Circuit Court of the State of Indiana December 18, 2015, removed to the Northern District of Indiana on February 17, 2016) ("Plaintiff was inured as a direct and proximate result of the defective and/or unreasonably dangerous high speed blender, which was sold and provided with no on/off button by which to turn off the blender, leaving the only means to de-energize it to be to manually unplug it from an electrical outlet, and was sold and provided without a safety mechanism to render the machine inoperable to prevent the blade from being engaged without a cup over them, and was sold and

provide without any adequate warning of dangers associated with its lack of a power switch or its ability to operate and power on itself and at high speed rotate the blade without a cup over them.") Pltfs. Compl., ¶ 6.

ii. *Guylante Jules, et. al. v. Nutribullet, LLC et. al.* (Filed Circuit Court of the 11th Judicial Circuit in Miami Dade County, Florida, January 13, 2016, removed to Southern District of Florida, Miami Division, January 21, 2019) ("On July 22, 2014, ODEKVK JEUNE was using the Subject Blender making a recipe. At some point after ODERME JEUNE began using the Subject Blender, the Plaintiff minor, FUITON JEUNE, began to notice smoke coming from the Subject Blender. After FUITON JEUNE began to see to Subject Blender emanating smoke, he attempted to reach for the power cord to unplug the cord to turn off the Subject Blender. Before FUITON JEUNE could reach the power cord, the Subject Blender exploded, propelling the container with such force that it caused damage to roof immediately above it. After the Subject Blender exploded, it caused all of its hot contents to pour over and burn FUITON JEUNE'S 12-year-old boy and the injuries will be fully described below.") Pltfs. Compl., ¶¶ 8 - 14.

iii. *Wendy Littlefield, et. al. v. Homeland Housewares, LLC et. al.* (Filed in the Central District of California, Western Division September 14, 2026) ("That on January 21, 2016, Plaintiff WENDY LITTLEFIELD attempted to use her NutriBullet 900, when it suddenly malfunctioned, causing severe injuries to Plaintiff WENDY LITTLEFIELD's right hand.") Pltfs. Compl., ¶ 12.

iv. *Judith Funk, et. al. v. Homeland Housewares, LLC et. al. (*Filed in the District of Kansas, November 2, 2016) ("That on January 16, 2015, Plaintiff JUDITH FUNK attempted to use her Magic Bullet, when the locking mechanism malfunctioned, causing injuries to Plaintiff JUDITH FUNK'S left hand"). Pltfs. Compl., ¶ 10.

v. *Brian K. Lyles v. Nutribullet, LLC,* (Filed in the Superior Court of New Jersey, Hudson County, November 2, 2016, removed to the District of New Jersey January 24, 2017) )"On

Wednesday December 31st, 2014 Plaintiff was using the blender to make a beverage drink when the blender exploded sending hot liquid onto Plaintiff's left Arm burning and scarring it.") Pltfs. Compl., ¶ 4.

vi. *Kourtni Nicole Beebe v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, February 1, 2017) ("That on May 1, 2015, Plaintiff KOURTNI NICOLE BEEBE used her friend's Nutribullet 900, when it suddenly malfunctioned causing severe injuries to her hand.") Pltfs. Compl., ¶ 8.

vii. *Phyllis B. Cerrato, et. al.  v. Nutribullet, LLC et. al.* (Filed in the Middle District of Florida, Tampa Division, February 1, 2017) ("On December 20, 2014, P. Cerrato was using the blender, when the blender began to emit smoke and exploded, causing hot liquids to severely burn her face and upper body and further causing property damage to her kitchen and interior ceiling the residence.") Pltfs. Compl., ¶ 4.

viii. *Tiffany Burton, et. al. v. Nutribullet, LLC et. al. (*Filed in the Central District of California, Western Division, February 1, 2017) ("On or about the morning of January 23, 2017, after utilizing the NutriBullet Rx, she rinsed all of the blender components and placed the blender cannister beside it to dry. She placed the dry blade assembly lid on the powered base. When she returned home from work at around 5:30 p.m. that same day, she intends to prepare her family dinner. Because the NutriBullet Rx was next to her stove and she need additional space to prepare her family's meal, she picks up [the] base with her left hand and had her right hand near the blade assembly lid. The canister was not "locked in" to the base. As she moved the unit, the NutriBullet Rx blades began to spin suddenly and without notice and directly into her right hand, deeply cutting her right hand, including her right thumb and fingers, and severing her right index finger.") Pltfs. Compl., ¶ 13.

ix. *Mary Obregon. v. Nutribullet, LLC et. al.* (Filed in Superior Court of the State of Washington, Snohomish County, February 3, 2017, removed to the Western District of Washington at Seattle, March 21, 2017) (Plaintiff, Mary

Obregon, on August 17, 2016, was using her Nutribullet Magic Bullet for blending. The product had been given to her used, and she had used it on many prior occasions with the awareness that the product blades do not spinning until the product is fully assembled and the product cup is activated and turned into place, such that the plastic cup tabs depress the activator slots that trigger the motor on the device. Unbeknownst to Ms. Obregon, two of the plastic tabs of the blender cup had broken off and lodged in the activator slots. Ms. Obregon plugged in the product with the expectation that the blender would do nothing until fully assembled, as it had operated in the past. On the occasion that is subject to of this suit, Mr. Obregon plugged the blender in, and the blades began to spin and caught her left thumb, causing serve injury.") Pltfs. Compl., ¶ 3.

x.   *Melba Anderson v. Nutribullet, LLC as entity of Nutribullet* (Filed in the Judicial District of Harris County, Texas, April 6, 2017, removed to the Southern District of Texas, Houston Division June 23, 2017) (" On or about April 6, 2015, MELBA ANDERSON was in her kitchen, and while using the NUTRIBULLET for the purpose and in a manner in which it was intended to be used. MELBA ANDERSON made an attempt to turn off the NUTRIBULLET by switching the power button off and then unplugging the product from the wall and the content inside of the NUTRIBULLET exploded, suddenly and without warning. The built-up pressure of the contents inside the NUTRIBULLET caused the substance to expel out on MELBA ANDERSON, injuring and burning MELBA ANDERSON, as hereinafter described.") Pltfs. Compl., ¶ 9.

xi.   *Yanhu Yi v. Nutribullet, LLC, et.al.* (Filed in the Southern District of Texas, Houston Division, April 6, 2017) ("On September 29, 2015, Y. Yi was using the blender, when the blender began to emit smoke and exploded, causing hot liquids to severely burn her upper body and further causing property damage to her kitchen and interior ceiling the residence.") Pltfs. Compl., ¶ 14.

xii.   *Shournett Brown v. Capital Brands, LLC, et.al.* (Filed in the Southern District of New York, October 20, 2017) ("That on

**COMPLAINT AND DEMAND FOR JURY TRIAL**

February 3, 2015, while the plaintiff, SHORNETT BROWN, was using the food processing machine manufactured, distributed, and/or sold by the above named defendants, she was caused to suffer and sustain severe bodily injures.") Pltfs. Compl., ¶ 30.

xiii. *Luisa Burgos v. Alchemy World, Inc., et. al.* (Filed in the Circuit Court of Cook County, Illinois, November 16, 2017. removed to the Northern District of Illinois, December 13, 2017) ("That on November 20, 2015, Plaintiff LUISA BURGOS was injured when the Nutribullet exploded.") Pltfs. Compl., ¶ 10.

xiv. *Johana Suarez v. Nutribullet, LLC, et.al.* (Filed in the Superior Court of California, Los Angeles County) ("As Plaintiff JOHANA SUAREZ first began to unlock the canister from the base, the canister shot off of, and separated from, the blade assembly, which remained attached to the base. The now uncovered blade assembly continued to spin. As the canister flew off the base, the contents of the canister splashed onto Plaintiff JOHANA SUAREZ's arms and torso, among other body parts, causing severe third degree burn injuries and permanent scarring.") Pltfs. Compl., ¶¶ 22, 23.

xv. *Michael Lesure, v. Homeland Housewares, LLC.* (Filed in the Supreme Court of the State of New York, County of Kings, December 28, 2017, removed to the Eastern District of New York, May 22, 2018) (On or about December 28, 2014, "the blended food products exploded, causing scalding hot liquid onto plaintiff's face, arms and body, thereby causing the plaintiff, MICHAEL LESURE, to sustain serious, severe and permanent personal injuries.") Pltfs. Compl., ¶¶ 48

xvi. *Harjit Thandi v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, January 24, 2018) ("On or about the morning of July 11, 2016, the MagicBullet owned and operated by Plaintiff malfunctioned, with the canister becoming dislodged from the base. Even though the canister had dislodged from the base, the plastic tabs on the assembly became locked on to the power base, allowing the blades to continue operating.") Pltfs. Compl., ¶ 12.

xvii. *Michael Walker v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, January 24, 2018) ("On June 1, 2017, Plaintiff was using the NutriBullet 900 Series to prepare an elixir consisting of ginger, onion, garlic, turmeric powder and parsley. All of the contents were room temperature before they were placed in the blender. Plaintiff had been using the NutriBullet 900 Series blender for almost a year to make this same drink without incident. On June 1, 2017, however, unbeknownst to him, the NutriBullet 900 Series blender was hyper-heating the contents of the canister while it was being blended. After blending, Plaintiff removed the connected canister and assembly blade from the base. When Plaintiff turned over the canister and assembly blade with intentions to unscrew it, the canister and assembly blade suddenly, and without warning, exploded directly into Plaintiff's face, spraying the now scalding drink contents directly into his face, causing severe, immediate burns.") Pltfs. Compl., ¶ 14.

xviii. *Gabriela Lopez v. Homeland Housewares, LLC, et.al.* (Filed in the Superior Court of Arizona, County of Maricopa, February 8, 2018, removed to the District of Arizona, March 19, 2018) )" On October 16, 2017, the Product while being used by Plaintiff within its intended use, exploded sending scorching hot liquid onto Plaintiff's skin causing serve burns and excruciating pain.") Pltfs. Compl., ¶ 12.

xix. *Fabiana Nishioka v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, March 22, 2018) ("On June 5, 2017, Plaintiff was preparing hummus, consisting of chickpeas, garlic and lime. All of the ingredients were room temperature. Plaintiff added all of the contents into the NutriBullet canister, affixed the blade assembly to the canister and then the canister/blade assembly to the base to engage and operate the Nutribullet Pro 900 blender. The blender was operated for a brief and reasonable amount of time, approximately one minute, in an effort to blend the mixture. Unbeknownst to Plaintiff, the contents of the blender were hyper-heating in the encapsulated canister/blade assembly. After her normal operation, Plaintiff twisted and disengaged the canister/blade assembly from the base of the blender and flipped over the canister/blade

assembly in order to unthread/unscrew the canister from the blade assembly. Before Plaintiff could even attempt to unthread/unscrew the canister from the blade assembly, the blade assembly exploded from the canister, spraying the now scalding contents of the canister onto her body, including her face, neck and chest. Due to the intense pain and burning, Plaintiff immediately went into shock.") Pltfs. Compl., ¶ 12.

xx. *Samantha Beverage v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, March 23, 2018) ("On April 4, 2016, Plaintiff was preparing hot fudge for her family. She melted chocolate chips, sugar and milk on the stove top. Plaintiff added all of the contents into the NutriBullet canister, affixed the blade assembly to the canister and then the canister/blade assembly to the base to engage and operate the Nutribullet blender. The blender was operated for a brief and reasonable amount of time, approximately one minute, in an effort to blend the mixture. Unbeknownst to Plaintiff, the contents of the blender were hyper-heating in the encapsulated canister/blade assembly. After her normal operation, Plaintiff twisted and disengaged the canister/blade assembly from the base of the blender and flipped over the canister/blade assembly in order to unthread/unscrew the canister from the blade assembly. As Plaintiff began to unthread/unscrew the canister from the blade assembly, the blade assembly exploded from the canister, spraying the now scalding contents of the canister onto her face. Due to the intense pain and burning, Plaintiff immediately went into shock.") Pltfs. Compl., ¶ 14.

xxi. *Malvis Cristal Sanchez, et. al. v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, April 10, 2018) ("On April 20, 2017, Plaintiff was using the NutriBullet Rx in the kitchen of her home to prepare refried beans for her family's meal. Her niece, a minor, was present with her in the kitchen. The cooked bean was room temperature prior to being placed into the NutriBullet Rx blender. Plaintiff blended the beans for about a minute. Unbeknownst to her, the NutriBullet Rx Blender was hyper-heating the contents of the canister. After Plaintiff removed the canister, with the blade assembly attached, from the base, she attempted to unscrew the canister from the assembly

blade. Suddenly and without warning, the NutriBullet Rx exploded, with the blade assembly flying from the base, causing the now scalding bean to project directly into her face, chest and arms. Due to the intense pain and burning, Plaintiff immediately went into shock. Her niece called 911 to seek medical treatment for her aunt.") Pltfs. Compl., ¶ 14.

xxii. *Nadine Elaine Guilbeaux v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, April 11, 2018) (On April 28, 2017 at about 5:00 a.m., Plaintiff was using the NutriBullet blender to prepare her morning smoothie consisting of kale, spinach, blueberries, strawberries and cool water. Plaintiff prepared the smoothie contents in the NutriBullet cannister the night before and placed the canister in her refrigerator. That morning, she removed the cold, canister containing fruits and vegetables from her refrigerator, added cool water, and then affixed the blade assembly to the canister. Plaintiff made this smoothie the same way at least fifty (50) times prior to April 28, 2017. Plaintiff then affixed the canister and blade assembly to the base and began blending. Unbeknownst to her, the NutriBullet blender was hyper-heating the contents of the canister. After Plaintiff removed the canister from the blade assembly attached, from the base, she attempted to unscrew the canister from the assembly blade. Suddenly and without warning, the NutriBullet exploded, with the blade assembly flying from the base, causing the now scalding fruit smoothie contents to project directly into her chest and arms. Due to the intense pain and burning, Plaintiff immediately went into shock.") Pltfs. Compl., ¶ 14.

xxiii. *Nilcincia D'Silva, et. al. v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, May 8, 2018) ("On August 24, 2016, Plaintiff was using the NutriBullet in the kitchen of her home to make yucca soup. Plaintiff blended the ingredients for about a minute. Unbeknownst to her, the contents of the canister were heating and creating pressure during the blending operation. As Plaintiff began to unscrew the blade assembly from the canister, there blade assembly exploded away from the canister and there was an eruption of the contents of the canister. The now extremely hot contents sprayed all over her

face, neck, and arms, causing painful and serious second-degree burns.") Pltfs. Compl., ¶ 14.

xxiv. *Erin Gwillim, et. al. v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, May 8, 2018) ("On May 19, 2016, Plaintiff was using the NutriBullet 900 in the kitchen of her home to prepare "Curried Carrot Soup." The recipe she used came from the Recipe Book that accompanied her machine. Plaintiff placed cooked, room temperature carrots, ginger, garlic, salt and pepper in the canister as called for by the recipe, along with liquid, filling the large-cup to less than the fill-line. Plaintiff operated the blender for approximately 10 to 30 seconds by pushing down on the canister. Unbeknownst to her, the NutriBullet 900 was hyper-heating the contents of the canister. The canister suddenly and without water exploded off of the base and blade assembly, hitting Plaintiff forcefully in the head and spraying the now scalding contents of the canister onto her face, neck, chest and arms. Due to the intense pain and burning, Plaintiff immediately went into shock.") Pltfs. Compl., ¶ 14.

xxv. *Yunaisy Lendian, et. al. v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, May 10, 2018) ("On the morning October 28, 2017, Plaintiff was using the NutriBullet to puree sweet potatoes to use as baby food for her child. Plaintiff blended the ingredients for approximately 45 seconds. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. After Plaintiff finished blending, she proceeding to remove the canister and attached blade assembly from the base. She began to disengage the canister from the blade assembly, the blade assembly exploded off the canister, spraying the unexpectedly heated contents onto her body, causing severe burns to her face, neck, shoulders, chest and arms.") Pltfs. Compl., ¶ 13.

xxvi. *Karen Sullivan, et. al. v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, May 10, 2018) ("On June 14, 2016, Plaintiff was [using] the NutriBullet 600 in the kitchen of her home to prepare a smoothie comprised of apple, pear, banana, spinach, frozen blueberries, coconut water and some ice. All contents were

cold. Plaintiff place [t]he ingredients in the canister, affixed the assembly blade and place canister/assembly blade on the base. Plaintiff operated the NutriBullet 600 for approximately 10 to 20 second when the canister exploded off the assembly blade and base. The canister struck her coffee machine which was to the right of the blender and knocked it off the countertop. The force of the explosion caused the base with the affixed assembly blade to tip over, with the assembly blade facing the wall. When she picked up the pickup [sic] the base, with the affixed assembly blade, with the intent of placing it upright on her counter, her hands came into contact with the unexpectedly spinning and exposed blades. She felt immediate pain as she observed her flesh and blood spray across the kitchen as her left index finger was sliced off. Plaintiff was home alone at the time of the incident and was immediately in shock.") Pltfs. Compl., ¶ 14.

xxvii. *Marie Jenkins v. Nutribullet, LLC et. al*. (Filed in the Central District of California, Western Division, June 18, 2018) ("On July 14, 2016, Plaintiff was using the NutriBullet to make a smoothie. Plaintiff blended the ingredients until the Nutribullet Rx automatically turned off. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. Plaintiff removed the canister from the motor base. Plaintiff began to unscrew the blade assembly from the canister. As Plaintiff removed the blade assembly from the canister, the canister projected upwards toward the ceiling while the blade assembly remained in her hand. The contents of the canister erupted all over Plaintiff's body, specifically her chest, neck, face, and right eye, causing serious burn injuries.") Pltfs. Compl., ¶ 3.

xxviii. *Minerva Gonzalez v. Nutribullet, LLC, et.al*. (Filed in the Superior Court of New Jersey, Hudson County, June 21, 2018, removed to the District of New Jersey July 20, 2018) ("On September 29, 2017, the Plaintiff was using a Nutribullet, LLC blender in a reasonable, prudent and responsible manner when it erupted spewing a large amount of scaling hot liquid onto the Plaintiff.") Pltfs. Compl., ¶ 3.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

xxix. *Elizabeth Flack v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, July 3, 2018) ("On July 10, 2016, Plaintiff was using the NutriBullet to blend water and cut pieces of lemon. Plaintiff blended the ingredients for only a couple seconds when almost immediately, the canister separated from the blade assembly leaving the blades exposed, which severely cut her hand.") Pltfs. Compl., ¶ 13.

xxx. *Glenn Gelder v. Nutribullet, LLC et. al. (*Filed in the Central District of California, Western Division, July 3, 2018) ("On July 30, 2016, Plaintiff was using the NutriBullet to chop dry ice for use in making homemade ice cream. Plaintiff ran the blender, containing the dry ice, for approximately 10 seconds. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. Plaintiff's right hand was on the side of the canister when, without warning, the canister shot off the blade assembly. As the canister shot off the blade assembly, Plaintiff's right hand, no longer resting against the canister, moved down and forward into to still-spinning blades of the blender. The blade struck Plaintiff's hand with such force that it split the bone in his middle finger, and severely lacerated that same finger. Plaintiff had profuse bleeding from the laceration. Plaintiff's injuries will likely cause lifelong functional limitations and pain.") Pltfs. Compl., ¶ 13.

xxxi. *Denise Sandoval, et. al. v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, July 11, 2018) ("On August 1, 2016, Plaintiff was using the NutriBullet to blend approximately four to five small slides of pineapple and some sugar to add to her drinking water. The pineapple, sugar and water were all room temperature. She had run the blender for a reasonable amount of time, less than sixty (60) seconds. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. Suddenly and without warning, the canister and blade assembly exploded off the base causing the contents of the canister to spray onto Plaintiff and propelling the canister and blade assembly into Plaintiff's body, causing Plaintiff a severe laceration of her right wrist.") Pltfs. Compl., ¶ 13.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

xxxii.  *Gabriela Hanchi, et. al. v. Nutribullet, LLC et. al. (*Filed in the Supreme Court of the State of New York, County of Queens, July 31, 2018, removed to the Eastern District of New York, August 22, 2018) ("On or about March 11, 2017, plaintiff GABRIELLA HANCHI, following a thorough review of the directions contained on said product, place a mixture of room temperature Quaker Oatmeal, milk and 2-3 tablespoons of Domino sugar into the Magic Bullet/NutriBullet Model 900 Series container for blending, filled the container to the "MAX" line, as she had done on numerous other occasions, and screwed on the blade. Said plaintiff then attached the container with the blade onto the base, and turned it on by pushing down and turning, and let it run for 30-40 seconds. Said plaintiff then stopped the Magic Bullet/NutriBullet by turning it, removed the container from the base; and when said plaintiff started to open the container the contents exploded out causing scalding hot liquid [sic] onto said plaintiff's face, right arm, upper chest, body and into her eyes causing sever burn injuries to plaintiff as herein set forth.") Pltfs. Compl., ¶ 8.

xxxiii.  *Gena Laielli v. Nutribullet, LLC et. al.* (Filed in the District of New Jersey, August 10, 2018) ("On February 26, 2018, Plaintiff Gena Laielli was using her Nutribullet to puree room temperature and cold food for her four-year-old daughter, who was required to eat with the assistance of a feeding tube for most of her life, when the subject pressurized Nutribullet exploded and caused burns to Plaintiff's chest and hand.") Pltfs. Compl., ¶ 8.

xxxiv.  *Hope Edge v. Nutribullet, LLC, et. al.* (Filed in the Superior Court Division of Mecklenburg County, North Carolina, August 21, 2018, removed to the Western District of North Carolina, Charlotte Division, September 25, 2018) ("The defective NutriBullet purchased and used by Plaintiff caused a severe laceration to her right hand, which resulted in permanent personal injuries.") Pltfs. Compl., ¶ 11.

xxxv.  *Yomayra Estefany v. Capital Brands, LLC et. al.* (Filed in the District of New Jersey, August 28, 2018) ("On July 2, 2918, Plaintiff, YOMAYRA ESTEFANY, was using the Nutribullet in the manner in which it was intended. Thereafter, the

blender became hot, and the blended contents of the Nutribullet, which were room temperature when placed inside, exploded, causing scalding hot liquid to spew and scorch her face and body; and the blade detached and cut her, causing severe injuries to Plaintiff including burns to her chest, arms and face, requiring her to seek medical treatment.") Pltfs. Compl., ¶ 13.

xxxvi.   *Naccole Guinn v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, October 5, 2018) ("On January 28, 2018, Plaintiff was using the NutriBullet to blend a bone broth drink consisting of bone broth protein powder, dandelion tea, coconut milk, cinnamon powder, and clove powder. Plaintiff blended the ingredients for a brief and reasonable amount of time. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As Plaintiff began to disengage the canister from the base, the canister shot off the base and Plaintiff's hands went into the blades, causing severe lacerations to her fingers.") Pltfs. Compl., ¶ 13.

xxxvii.   *Carmen Acevedo v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, October 10, 2018) ("On August 25, 2017, Plaintiff was using the NutriBullet to blend baby food consisting of boiled potatoes, yucca, squash and water. Plaintiff blended the ingredients for a brief and reasonable amount of time. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As the plaintiff attempted to disengage the cannister from the base, the device exploded sending scalding hot contents all over the Plaintiff's face, chest, and right arm, causing severe burns.") Pltfs. Compl., ¶ 13.

xxxviii.   *Bruce Bramblett v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, October 10, 2018) ("On May 20, 2018, Plaintiff was using the NutriBullet to blend was cleaning his machine with water. Plaintiff blended the ingredients for a brief and reasonable amount of time. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. While her hand was one the machine, the

**COMPLAINT AND DEMAND FOR JURY TRIAL**

cup exploded from the blade assembly, causing severe lacerations to his right hand.") Pltfs. Compl., ¶ 13.

xxxix. *Nina Talavera, et. al. v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, October 11, 2018) ("13. On February 16, 2017, Plaintiff was using the NutriBullet to blend lemonade with ice, calamansi lemon juice, water and sugar. Plaintiff blended the ingredients for a brief and reasonable amount of time. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. While her hand was on the machine, the canister exploded off the base, and Plaintiff's hand went into the blades, causing lacerations to her right hand.") Pltfs. Compl., ¶ 13.

xl. *Humera Aslam, et. al. v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, December 7, 2018) ("On December 8, 2016, Plaintiff was using the NutriBullet to blend cooked oatmeal for her six-month old daughter. The oatmeal was allowed to cool to room temperature, safe for her infant to eat and touch. Plaintiff placed the cooked oatmeal in the blender and ran it for approximately 15-20 seconds. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. Plaintiff removed the combined canister and blade assembly from the motor base. Plaintiff began to unscrew the canister from the blade assembly. As she began to unscrew the canister from the blade assembly, the blade assembly rocketed away from the canister and the now scalding hot contents erupted out of the canister all over Plaintiff's face and body.") Pltfs. Compl., ¶ 13.

xli. *Jennifer Defelice v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, December 26, 2018) ("On December 30, 2016, Plaintiff was using the NutriBullet to prepare a puree consisting of bananas and water. Plaintiff blended the ingredients for a brief and reasonable amount of time. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As the plaintiff attempted to disengage the cannister from the base, the

device exploded sending scalding hot contents all over the Plaintiff's face, chest, and right arm, causing severe burns.") Pltfs. Compl., ¶ 13.

xlii.  *Casey Drader, et. al. v. Nutribullet, LLC et. al.* (Filed in the Northern District of New York, January 9, 2019) ("On July 12, 2017, plaintiff used the NutriBullet as instructed. On that day, plaintiff was attempting to use the NutriBullet to make a protein shake with eggs, protein powder, blueberries and water. During this time, once the said ingredients were sealed in the vessel, plaintiff placed the vessel on the power base, twisted it, and began blending his drink. After about twenty (20) seconds of blending, the vessel, due to excessive pressure, unsealed and the cup exploded off the extractor blade with the cup's plastic tabs breaking and remaining in the activation switches on the power base. The breaking of the tabs in the activation switches kept the blender's electrical circuit closed and the extractor blade spinning. The power base and spinning extractor blade tipped toward plaintiff Casey Drader. Plaintiff used his right hand reactively to stabilize the blender. There and then, the extractor blade caught plaintiff's right index finger and right middle finger, tearing into both.") Pltfs. Compl., ¶¶ 26 - 31.

xliii.  *Rodrigo Gutierrez v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, January 16, 2019) ("On June 28, 2017, Plaintiff was using the NutriBullet 600 to prepare a smoothie consisting of strawberries, banana, lemon, and water. Plaintiff blended the ingredients for just under one (1) minute. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As Plaintiff began to disengage the canister from the base, the canister shot off the base and Plaintiff's hands went into the still spinning blades, where they sliced and mangled his hand, causing severe and permanent injuries.") Pltfs. Compl., ¶ 13.

xliv.  *Robin McCarthy-Stancavage v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, January 17, 2019) ("On July 12, 2018, Plaintiff was using the NutriBullet 900 to make breadcrumbs by pulsing and pulverizing pieces of bread. Plaintiff repeated this process

four (4) times. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As Plaintiff began to disengage the canister from the base, the canister shot off the base and Plaintiff's hand went into the still spinning blades, where it sliced and mangled her hand, causing severe and permanent injuries.") Pltfs. Compl., ¶ 13.

xlv.  *Grant Wolak v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, January 17, 2019) ("On May 1, 2017, Plaintiff was using the NutriBullet 600 without any contents in it to check and see if it was working. Plaintiff ran the unit normally and without issue for approximately thirty (30) seconds. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As Plaintiff began to disengage the canister from the base, the canister shot off the base and Plaintiff's hands went into the still spinning blades, where it sliced and mangled his hand, causing severe and permanent injuries.") Pltfs. Compl., ¶ 13.

xlvi.  *David George v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, January 18, 2019) ("On May 20, 2017, Plaintiff was using the NutriBullet 600 to prepare a smoothie consisting of protein powder, crushed ice, banana, and water. Plaintiff blended the ingredients for fifteen (15) seconds. As the Plaintiff began to disengage the canister from the base, the canister shot off the base and Plaintiff's left hand went into the blades where the blades sliced and mangled his hand causing severe lacerations and extreme blood loss.") Pltfs. Compl., ¶ 13.

xlvii.  *Rebecca Mullaney v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, January 23, 2019) ("On December 20, 2017, Plaintiff was using the NutriBullet to blend baby food consisting of sliced potatoes. Plaintiff blended the ingredients for a brief and reasonable amount of time. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. While trying to remove the canister by hand, the cup exploded from the blade assembly, causing

third degree burns to her face, her breast, and her arm.") Pltfs. Compl., ¶ 13.

xlviii. *Mary Callahan v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, February 7, 2019) ("On December 1, 2017, Plaintiff was using the NutriBullet to prepare a smoothie consisting of one half (1/2) a banana, 2 to 3 tablespoons vanilla yogurt, 2 teaspoons crunchy organic peanut butter, 1 teaspoon Hershey chocolate syrup, and 1/4 cup of 1% milk. Plaintiff blended the ingredients for approximately 40 seconds. Plaintiff began to disengage the canister from the base. As Plaintiff began to depress and twist the canister, the canister exploded and broke into two pieces causing the Plaintiff's right hand to go into the still-spinning blades where it mangled her hand and caused severe lacerations. Plaintiff's index finger was nearly severed, and the powerful forces of the spinning blades impacting her fingers smashed and chopped her finger bones, resulting in multiple breaks. Plaintiff suffered, and will continue to suffer from, severe and permanent injuries.") Pltfs. Compl., ¶ 13.

xlix. *Minerva Gil v. Nutribullet, LLC et. al.* (Filed in the Southern District of New York, March 8, 2019) ("On or about March 9, 2016, Plaintiff was using the NutriBullet to prepare a mixture consisting of various vegetables and water. Plaintiff blended the ingredients for less than one (1) minute. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As the plaintiff attempted to disengage the canister from the base, the device exploded sending scalding hot contents all over the Plaintiff's face, neck, and arms, causing severe burns. Plaintiff suffered, and will continue to suffer from, severe and permanent injuries.") Pltfs. Compl., ¶ 13.

l. *Thomas Krauss v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, March 28, 2019) ("On April 3, 2017, Plaintiff was using the NutriBullet Lean (1200 series) to prepare a smoothie consisting of almond milk, protein powder, frozen peaches, and frozen strawberries. Plaintiff blended the ingredients for fifteen (15) seconds. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As Plaintiff went to open the canister

after disengaging it from the base the top exploded upwards with great velocity, hitting Plaintiff's lip and causing a severe laceration and massive bleeding.") Pltfs. Compl., ¶ 13.

li.   *Doritsa Rosa, et. al. v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, April 4, 2019) ("On July 10, 2017, Plaintiff was using the NutriBullet to prepare baby food consisting of squash, potatoes, cilantro, and onions. Plaintiff blended the ingredients five (5) seconds. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As Plaintiff blended, the canister shot off the base and the now scalding hot contents erupted all over Plaintiff's hands and feet causing severe burns.") Pltfs. Compl., ¶ 13.

lii.  *Jill Wallace v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, April 4, 2019) ("On January 3, 2018, Plaintiff was using the NutriBullet to prepare a drink consisting of coffee, coconut oil, butter, and whipping cream. Plaintiff blended the ingredients for thirty (30) seconds. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As Plaintiff began to disengage the canister from the base, the canister shot off the base and the now scalding hot contents erupted all over Plaintiff's arms and stomach resulting in severe burns.") Pltfs. Compl., ¶ 13.

liii. *Charlene Forrest v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, April 4, 2019) ("On January 19, 2018, Plaintiff was using the NutriBullet to prepare a smoothie consisting of oatmeal, vanilla, glucose, formula, and water. Plaintiff blended the ingredients for twenty (20) to thirty (30) seconds. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As Plaintiff attempted to remove the cap from the canister, the canister exploded and the now scalding hot contents erupted all over Plaintiff's face, neck, and chest resulting in severe burns.") Pltfs. Compl., ¶ 13.

liv.  *Jayne Griffin v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, April 4, 2019) ("On

**COMPLAINT AND DEMAND FOR JURY TRIAL**

January 20, 2018, Plaintiff was using the NutriBullet to prepare a smoothie consisting of kale, cucumber, apple, and ice. Plaintiff blended the ingredients for one (1) minute. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As Plaintiff blended, the canister exploded and the now scalding hot contents erupted all over Plaintiff's hands resulting in severe burns.") Pltfs. Compl., ¶ 13.

lv.   *Katherine Camargo v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, April 4, 2019) ("On January 28, 2018, Plaintiff was using the NutriBullet to prepare a drink consisting of rice and water. Plaintiff blended the ingredients for ten (10) seconds. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As Plaintiff blended, the canister exploded and the now scalding hot contents erupted all over Plaintiff's face and arm resulting in severe burns.") Pltfs. Compl., ¶ 13.

lvi.   *Tamera Guidroz v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, April 4, 2019) ("On February 1, 2018, Plaintiff was using the NutriBullet to prepare a smoothie consisting of kale, spinach, banana, strawberry, raspberry, blackberry, blueberry, chia, and water. Plaintiff blended the ingredients for less than four (4) minutes. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As Plaintiff attempted to disengage the canister from the base, the canister exploded and the now scalding hot contents erupted all over Plaintiff's hands and chest resulting in severe burns.") Pltfs. Compl., ¶ 13.

lvii.   *Yadira Varela v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, April 4, 2019) ("On January 29, 2018, Plaintiff was using the NutriBullet to prepare chili sauce consisting of red chilis and water. Plaintiff blended the ingredients for the NutriBullet's set time cycle. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. Plaintiff then removed the canister from the base and let it sit for four (4) to five (5) minutes. As Plaintiff

attempted to open the canister, the canister exploded and the now scalding hot contents erupted all over Plaintiff's left hand, arm, neck, chest, and face resulting in severe burns.") Pltfs. Compl., ¶ 13.

lviii. *Ernesy Laurent v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, April 5, 2019) ("On January 31, 2018, Plaintiff was using the NutriBullet to prepare a drink consisting of ginger, parsley, cucumber, Aloe Vera, and water. Plaintiff blended the ingredients for a brief and reasonable amount of time. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As Plaintiff blended, the canister exploded and the now scalding hot contents erupted all over Plaintiff's right arm and breasts resulting in severe burns.") Pltfs. Compl., ¶ 13.

lix. *Paula Villasana v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, April 9, 2019) ("On December 3, 2017, Plaintiff was using the NutriBullet to prepare a drink consisting of ginger, celery, parsley, and water. Plaintiff blended the ingredients for approximately forty-five (45) seconds. As Plaintiff began to disengage the canister from the base, the canister shot off the base causing Plaintiff's hand to go into the blades and resulting in severe lacerations. Plaintiff suffered, and will continue to suffer from, severe and permanent injuries.") Pltfs. Compl., ¶ 13.

lx. *Levanne Greaves v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, April 26, 2019) ("On May 20, 2018, Plaintiff was using the NutriBullet to prepare a mixture consisting of okra and water. Plaintiff blended the ingredients for a less than one (1) minute. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As Plaintiff began to disengage the canister from the base, the canister shot off the base and the now scalding hot contents erupted all over Plaintiff's lip, chin, ear, arms, and chest, resulting in severe burns.") Pltfs. Compl., ¶ 13.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

lxi. *Wendell Greaves v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, April 26, 2019) ("On February 22, 2018, Plaintiff was using the NutriBullet to prepare a drink consisting of ginger, beets, apple, carrot, banana, and water. Plaintiff blended the ingredients for less than one (1) minute. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As Plaintiff began to disengage the canister from the base, the canister shot off the base and the now scalding hot contents erupted all over Plaintiff's face and eye resulting in severe burns.") Pltfs. Compl., ¶ 13.

lxii. *Sandra Medina v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, April 26, 2019) ("On April 3, 2018, Plaintiff was using the NutriBullet to prepare a sauce consisting of salt, garlic, red chilis, and water. Plaintiff blended the ingredients for a less than a minute. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As Plaintiff began to disengage the canister from the base, the canister shot off the base and the now scalding hot contents erupted all over Plaintiff's neck and chest resulting in severe burns.") Pltfs. Compl., ¶ 13.

lxiii. *Angie Luna v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, April 26, 2019). ("On April 10, 2018, Plaintiff was using the NutriBullet to prepare a sauce consisting of chili pepper and water. Plaintiff blended the ingredients for twenty-five (25) seconds. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As Plaintiff began to disengage the canister from the base, the canister exploded and the scalding hot contents erupted all over Plaintiff's neck, shoulder, chest, hand, and face causing severe burns.") Pltfs. Compl., ¶ 13.

lxiv. *Rebecca Lara v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, April 26, 2019 ("On April 23, 2018, Plaintiff was using the NutriBullet to prepare a drink consisting of ginger, green tea, frozen berries, and turmeric. Plaintiff blended the ingredients for a less than a

twenty (20) seconds. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As Plaintiff blended the canister shot off the base and Plaintiff's hand went into the blades mangling her thumb.") Pltfs. Compl., ¶ 13.

lxv. *Stephanie Layock v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, May 5, 2019) ("On May 3, 2017, Plaintiff was using the NutriBullet to prepare baby food consisting of sweet potatoes and water. Plaintiff blended the ingredients for thirty (30) seconds. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As Plaintiff blended, the canister exploded upwards from the base and the now scalding hot contents erupted out of the canister all over Plaintiff's arms, left thigh, lower legs, and breasts causing severe burns.") Pltfs. Compl., ¶ 13.

lxvi. *Kenia Mesa, et. al. v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, May 17, 2019) ("On June 1, 2017, Plaintiff was using the NutriBullet 900 to prepare baby food consisting of green beans, broccoli, black beans, squash, and broth. Plaintiff blended the ingredients for twenty (20) seconds. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As Plaintiff blended, the canister exploded upwards from the base and the now scalding hot contents erupted out of the canister all over Plaintiff's arms and under her chin causing severe burns.") Pltfs. Compl., ¶ 13.

lxvii. *Daniel Tenanes v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, May 30, 2019) ("On October 21, 2018, Plaintiff was using the NutriBullet to prepare a smoothie consisting of frozen blueberries, flax seeds, almond milk, yogurt, and kale. Plaintiff blended the ingredients for no longer than thirty (30) seconds. As Plaintiff went to disengage the canister from the base, the motorized base continued to run, causing the plastic gear wheel in the base to explode into pieces. The force of the explosion resulted in pieces of the shattered plastic gear wheel to make direct

contact with Plaintiff's right eye, causing severe corneal abrasions.") Pltfs. Compl., ¶ 13.

lxviii. *Robert Jean Bistoury v. Nutribullet, LLC et. al.* (Filed in the Eastern District of New York, July 3, 2019) ("On or about July 7, 2016, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the NutriBullet blender's plastic cup explosively separating from the blade base during the normal, directed use of the NutriBullet blender, allowing its scalding hot contents to be forcefully ejected onto Plaintiff. The incident occurred as the result of the NutriBullet Blenders defect(s), which allow the plastic cup of the NutriBullet blender to pressurize to the point that the canister separates from the blade base of the NutriBullet blender, causing the now hot contents of the NutriBullet blender, as well as the parts of the NutriBullet blender itself, to explode. Additionally, the incident occurred as the result of Defendants failure to warn and to redesign the NutriBullet blender, despite the existence of economical, safer alternative designs.")

lxix. *Maria Delgado et. al. v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, July 19, 2019) ("On June 4, 2018, Plaintiff was using the NutriBullet 900 to prepare a sauce consisting of tomatillos. Plaintiff blended the tomatillos for reasonable amount of time. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As Plaintiff blended, the canister exploded and the now scalding hot contents erupted all over Plaintiff's face, eyes, forehead, neck, arms, and chest resulting in severe burns and a debilitating ocular injury.") Pltfs. Compl., ¶ 13.

lxx. *Jordan Fleischer v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, July 19, 2019) ("On April 24, 2018, Plaintiff was using the NutriBullet 900 to prepare a protein drink consisting of soda water and protein powder. The soda water had been opened the night before and kept in the refrigerator. The protein powder was room temperature. Plaintiff placed the contents into canister and began to run the machine with his right hand on top of the canister. As the Plaintiff was blending, the cannister shot

off the base and his hand went into the blades, causing severe lacerations to his finger.") Pltfs. Compl., ¶ 13.

lxxi.   *Sarah George. v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, July 22, 2019) ("On July 8, 2018, Plaintiff was using the NutriBullet to prepare baby food consisting of mangos. Plaintiff blended the ingredients for twenty (20) to twenty-five (25) seconds. The friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As Plaintiff began to disengage the canister from the base, the now scalding hot contents exploded from the canister and onto Plaintiff's left arm and left foot causing severe burns.") Pltfs. Compl., ¶ 13.

lxxii.   *Ateefah Watson v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, July 22, 2019) ("On January 4, 2018, Plaintiff was using the NutriBullet to prepare a smoothie consisting of frozen strawberries, frozen banana, and blueberry juice. Plaintiff blended the ingredients for a less than one (1) minute. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As Plaintiff began to disengage the canister from the blade assembly, the canister exploded and the now scalding hot contents erupted all over Plaintiff's face, neck, arms, and breasts resulting in severe burns.") Pltfs. Compl., ¶ 13.

lxxiii.   *Jenifer Fritz v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, August 5, 2019) ("On February 3, 2019, Plaintiff was using the NutriBullet 900 to prepare a drink consisting of coffee, ghee, and half and half. Plaintiff activated the machine for 45-50 seconds. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As Plaintiff went to twist open the blade assembly from the canister, the blade assembly shot out of her hand, and into the ceiling. The now scalding hot contents inside the Nutribullet erupted everywhere onto Plaintiff causing severe burns.") Pltfs. Compl., ¶ 13.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

lxxiv. *Emilia Golebiowska v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, August 5, 2019) ("On September 19, 2018, Plaintiff was using the NutriBullet to prepare a soup consisting of vegetable broth and broccoli. Plaintiff blended the ingredients for less than ten (10) seconds. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As Plaintiff blended, the canister exploded and the now scalding hot contents erupted all over Plaintiff's chin and chest resulting in severe burns.") Pltfs. Compl., ¶ 13.

lxxv. *Maria Gabaldon v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, August 5, 2019) ("On October 21, 2018, Plaintiff was using the NutriBullet to prepare a mixture consisting of red peppers and water. Plaintiff blended the ingredients for approximately one (1) minute. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. Plaintiff then removed the canister from the base and placed it in the sink. As Plaintiff attempted to open the canister, the canister exploded, and the now scalding hot contents erupted all over Plaintiff's eyes, lips, face, neck, and arms causing severe burns.") Pltfs. Compl., ¶ 13.

lxxvi. *Maricela Elizondo Garcia v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, August 15, 2019) ("On April 17, 2019, Plaintiff was using the NutriBullet 600 to prepare a salsa consisting of tomatoes, jalapeno, and garlic. blended the ingredients for approximately ten (10) seconds. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As Plaintiff began to disengage the canister from the base, the canister shot off the base and her left hand went into the still spinning blades, causing severe lacerations to her left thumb, palm, and middle finger.") Pltfs. Compl., ¶ 13.

lxxvii. *Claudette Saintjoy v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, August 15, 2019) ("On August 26, 2018, Plaintiff was using the NutriBullet to prepare a mixture of grits and milk. Plaintiff

blended the ingredients for one (1) minute. The friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As Plaintiff blended, the canister shot off the base and the now scalding hot contents erupted onto Plaintiff's right arm causing severe burns.") Pltfs. Compl., ¶ 13.

lxxviii. *Andrew Leahy v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, August 26, 2019) ("On December 31, 2017, Plaintiff was using the NutriBullet to prepare a leek puree consisting of vegetable broth and potatoes. Plaintiff blended the ingredients for about less than thirty (30) seconds. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As Plaintiff blended, the canister exploded and the now scalding hot contents erupted all over Plaintiff's face and arms resulting in severe burns.") Pltfs. Compl., ¶ 13.

lxxix. *William Brown v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, August 27, 2019) ("On February 22, 2019, Plaintiff was using the NutriBullet to prepare chili sauce consisting of chili pods and water. After placing in the blender and starting it up, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up and heat the contents. When Plaintiff attempted to unscrew the canister from the blade assembly, the canister suddenly and unexpectedly exploded off the base, spraying the now scalding hot contents onto his left palm, resulting in severe burns.") Pltfs. Compl., ¶ 13.

lxxx. *Narinderpal Chahal v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, August 27, 2019) ("On June 11, 2019, Plaintiff was using the NutriBullet to prepare a smoothie consisting of frozen berries, a banana, and milk. Plaintiff activated the SUBJECT PRODUCT for approximately one minute. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As Plaintiff attempted to disengage the canister from the base, the canister exploded

off the base, spraying the now scalding hot contents onto her causing severe burns.") Pltfs. Compl., ¶ 12.

lxxxi. *Zoila Galicia v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, September 3, 2019) ("On June 12, 2019, Plaintiff was using the NutriBullet to prepare a salsa consisting of tomatoes, chilies, and garlic. Plaintiff ran the SUBJECT PRODUCT for a total of approximately one (1) minute. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. While the Nutribullet blender was running, the canister suddenly and unexpectedly exploded off the motor base, spraying scalding hot contents onto Plaintiff, which resulted in severe burns to her chest, face, and hands.") Pltfs. Compl., ¶ 12.

lxxxii. *Samantha Scriven v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, September 9, 2019) ("On February 28, 2019, Plaintiff was using the NutriBullet Rx to prepare a soup consisting of potatoes, chicken broth, and garlic. placed the potatoes, cold chicken broth, and garlic into the blender. Plaintiff blended the ingredients for approximately two (2) minutes. As the blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up. As Plaintiff began to disengage the blade assembly from the canister, the scalding hot content erupted all over Plaintiff's arm, face, and neck causing severe burns.") Pltfs. Compl., ¶ 12.

lxxxiii. *Stephanie Wakeland v. Nutribullet, LLC et. al.* (Filed in the Central District of California, Western Division, September 11, 2019) ("On May 28, 2018, Plaintiff was using the NutriBullet to prepare a smoothie consisting of frozen mixed berries and refrigerated almond milk. Plaintiff blended the ingredients for just under one (1) minute. As Plaintiff ran the blender, the canister exploded upwards off the base with such force that the canister hit the ceiling, making direct contact with Plaintiff's thumb in the process splitting it open. As a result of medications and unrelated illnesses that have left Plaintiff with a low platelet count, Plaintiff is susceptible to excessive bleeding. The sheer force of impact from the canister

ruptured Plaintiff's thumb resulting in fractured bone and significant blood loss.") Pltfs. Compl., ¶ 12.

   *c.* A class action lawsuit was filed on July 2, 2018, in the Central District of California, Western Division involving at least 100 class members seeking a refund of the price paid for their defective and dangerous blenders. The lawsuit also referred to the personal injuries caused by the product. That case is entitled *Deveta White, on behalf of herself and other similarly situated v. Nutribullet, LLC et. al.*

23. As a direct and proximate result of Defendants intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous NutriBullet blender, which resulted in significant and painful bodily injuries.

24. Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendant's NutriBullet blender as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages

## FIRST CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY

PLAINTIFF, FOR A FIRST CAUSE OF ACTION AGANST CAPITAL BRANDS, LLC AND NUTRIBULLET, LLC., ALLEGES AS FOLLOWS:

25. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

26. At the time of Plaintiff's injuries, Defendants NutriBullet blenders were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

27.     Defendants NutriBullet blenders were in the same or substantially similar condition as when they left the possession of Defendants.

28.     Plaintiff did not misuse or materially alter the NutriBullet blender.

29.     The NutriBullet blenders did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

30.     Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the NutriBullet blenders safe. Specifically:

    a. The NutriBullet blenders designed, manufactured, sold, and supplied by Defendants were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

    b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

    c. Defendants failed to properly market, design, manufacture, distribute, supply, and sell the NutriBullet blenders, despite having extensive knowledge that the aforementioned injuries could and did occur;

    d. Defendants failed to warn and place adequate warnings and instructions on the NutriBullet blenders;

    e. Defendants failed to adequately test the NutriBullet blenders; and

    f. Defendants failed to market an economically feasible alternative design, despite the existence of the aforementioned economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

31.     Defendants actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

32.     Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**WHEREFORE,** Plaintiff demands judgment against Defendant for and punitive damages according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered**.**

## SECOND CAUSE OF ACTION

## <u>NEGLIGENT PRODUCTS LIABILITY</u>

PLAINTIFF, FOR A SECOND CAUSE OF ACTION AGANST CAPITAL BRANDS, LLC AND NUTRIBULLET, LLC., ALLEGES AS FOLLOWS:

33.    laintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

34.    Defendants has a duty of reasonable care to design, manufacture, market, and sell non-defective NutriBullet blenders that are reasonably safe for their intended uses by consumers, such as Plaintiff and his family.

35.    Defendants failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its NutriBullet blenders in that Defendants knew or should have known that said NutriBullet blenders created a high risk of unreasonable harm to the Plaintiff and consumers alike.

36.    Defendants negligent in the design, manufacture, advertising, warning, marketing and sale of its NutriBullet blenders in that, among other things, they:

    a. Failed to use due care in designing and manufacturing the NutriBullet blenders to avoid the aforementioned risks to individuals;

    b. Placed an unsafe product into the stream of commerce;

    c. Aggressively over-promoted and marketed its NutriBullet blenders through television, social media, and other advertising outlets; and

d.  Were otherwise careless or negligent.

37.    Even though Defendants knew or should have known of the aforementioned defects, Defendants continued to market (and continue to do so) its NutriBullet blenders to the general public.

**WHEREFORE,** Plaintiff demands judgment against Defendant for and punitive damages according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered**.**

**THIRD CAUSE OF ACTION**

**BREACH OF EXPRESS WARRANTY**

PLAINTIFF, FOR A THIRD CAUSE OF ACTION AGANST CAPITAL BRANDS, LLC AND NUTRIBULLET, LLC., ALLEGES AS FOLLOWS:

38.    plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

39.    Defendants expressly warranted that its NutriBullet blenders were safe and effective to members of the consuming public, including Plaintiff. Moreover, Defendants expressly warranted that the NutriBullet blender would be to be "free of defects for one full year"[7].

40.    Members of the consuming public, including consumers such as the Plaintiff were the intended third-party beneficiaries of the warranty.

41.    Defendants' NutriBullet blenders do not conform to this express representation because consumers cannot safely use them in the intended manner without risk of the NutriBullet blenders exploding which may result in physical injury or property damage.

---

[7] *Id.*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

42.    The Plaintiff in this case and/or his family purchased and used the NutriBullet blender with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of blending.

43.    Plaintiff's injuries were the direct and proximate result of Defendants' breach of its express warranties.

**WHEREFORE,** Plaintiff demands judgment against Defendants for and punitive damages according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered**.**

**FOURTH CAUSE OF ACTION**

**<u>BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY</u>**

PLAINTIFF, FOR A FOURTH CAUSE OF ACTION AGANST CAPITAL BRANDS, LLC AND NUTRIBULLET, LLC, ALLEGES AS FOLLOWS:

44.    P Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

45.    At the time Defendants marketed, distributed and sold its NutriBullet blenders to the Plaintiff in this case, Defendants warranted that its NutriBullet blenders were merchantable and fit for the ordinary purposes for which they were intended.

46.    Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

47.    Defendants' NutriBullet blenders were not merchantable and fit for their ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

48.    The Plaintiff in this case and/or his family purchased and used the NutriBullet blender with the reasonable expectation that it was properly

44
**COMPLAINT AND DEMAND FOR JURY TRIAL**

designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

49.    Defendants' breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

50.    **WHEREFORE,** Plaintiff demands judgment against Defendant for and punitive damages according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered**.**

## FIFTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

PLAINTIFF, FOR A FIFTH CAUSE OF ACTION AGANST CAPITAL BRANDS, LLC AND NUTRIBULLET, LLC., ALLEGES AS FOLLOWS:

51.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

52.    Defendants manufactured, supplied, and sold its NutriBullet blenders with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

53.    Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

54.    Defendants' NutriBullet blenders were not fit for the particular purpose as a safe means of blending, due to the unreasonable risks of bodily injury associated with their use.

55.    The Plaintiff in this case reasonably relied on Defendants' representations that its NutriBullet blenders were an effective and safe means of blending.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

56.   Defendants' breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants for and punitive damages according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

## INJURIES & DAMAGES

57.   As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident on or about June 12, 2020. Plaintiff is entitled to recover damages from Defendants for these injuries in an amount which shall be proven at trial.

58.    As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendants in an amount to be proven at trial.

59.   As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendants for her past, present and future medical and other expenses in an amount which shall be proven at trial.

60.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

A. That Plaintiff has a trial by jury on all of the claims and issues;

B. That judgment be entered in favor of the Plaintiff and against Defendant on all of the aforementioned claims and issues;

C. That Plaintiff recover all damages against Defendant, general damages and special damages, including economic and non-economic, to compensate the Plaintiff for her injuries and suffering sustained because of the use of the Defendants' defective pressure cooker;

D. That all costs be taxed against Defendant;

E. That prejudgment interest be awarded according to proof;

F.  That Plaintiff be awarded attorney's fees to the extent permissible under Federal and California law; and

G. That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.


**HARLAN LAW, P.C**

Dated: June 1, 2022            */s/ Jordon Harlan, Esq.*
                               Jordon Harlan, Esq. (CA #273978).
                               2404 Broadway, 2nd Floor
                               San Diego, CA 92102
                               Telephone: (619) 870-0802
                               Fax: (619) 870-0815
                               Email: jordon@harlanpc.com

                               *In association with*:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

.

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq. (MN #0397289)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
Email: akress@johnsonbecker.com

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury of all the claims asserted in this Complaint so triable.

**HARLAN LAW, P.C**

Dated: <u>June 1, 2022</u>                    <u>*/s/ Jordon Harlan, Esq*</u>.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28